# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>ISREAL LOPEZ-GARCIA,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14CR1084 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to correct sentence filed by Defendant Isreal Lopez-Garcia (ECF No. 29).

On April 22, 2014, Defendant was charged in an Information with attempted reentry of removed alien in violation or 8 U.S.C. Section 1326(a)( and (b).

On May 22, 2014, Defendant entered a plea of guilty to the charge in the Information pursuant to a plea agreement.

On August 13, 2014, this Court held a sentencing hearing. The Court overruled the Defendant's objection to the presentence report and concluded that Defendant's conviction on January 22, 2014 for a violation of Cal Penal Code §10851(a), Take Vehicle without Consent in Case No. VA13335101 is an aggravated felony under U.S.S.G. §2L1.2(b)(1)(D) with an eight level increase to the base offense level. The Court applied the modified categorical approach to determine whether Defendant was convicted as a principal, instead of as an accessory after the fact. *See Duenas-Alvarez*

*v. Holder*, 733 F.3d 812, 814-15 (9th Cir. 2013) (finding California Vehicle Code section 10851(a) is divisible and applying the modified categorical approach to determine whether Petitioner was convicted as a principal, instead of as an accessory after the fact). The Court found that the record in this case showed that the Felony Complaint Count 1 alleged that the Defendant committed the crime of taking a vehicle without the owner's consent, in violation of Section 1085(a) of the Vehicle Code, a felony and specifically that he "did unlawfully drive and take a certain vehicle... acura integra...without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title and possession." (ECF No. 21-1 at 2). The Court entered Judgment sentencing the Defendant to serve a term 18 months imprisonment. (ECF No. 28).

Defendant did not file an appeal.

On August 26, 2014, Defendant filed a motion to correct sentence under Rule 35 of the Federal Rules of Criminal Procedure. Defendant contends that the Court made a technical error applying the modified categorical approach to a non-divisible statute. Defendant contends that the Court would have concluded that Section 1085(a) of the Vehicle Code is not divisible with the benefit of *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. August 22, 2014). The Government asserts that *Rendon* dealt California Penal Code § 459, second degree burglary and that *Duenas-Alvarez* continues to apply in this case.

**RULING OF THE COURT**

Rule 35(a) provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim P. 35.

In this case, the Court finds that the decision of the Court of Appeals in *Rendon* does not support the conclusion that Defendant's sentence was a result of "technical, or other clear error." In *Duenas-Alvarez*, the Court of Appeals referred directly to the decision of the United States Supreme Court in *Descamps v. United States,* _ U.S. _,

1 | 133 S.Ct. 2276 (2013) and stated "California Vehicle Code section 10851(a) is divisible
2 | in that it imposes criminal liability in the alternative on principals as well as on
3 | accessories after the fact." 733 F.3d at 814.
4 | In *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), the Court of Appeals stated:

> To be clear, it is black-letter law that a statute is divisible only if it contains multiple alternative elements, as opposed to multiple alternative means. *Id*. at 2285. Thus, when a court encounters a statute that is written in the disjunctive (that is, with an "or"), that fact alone cannot end the divisibility inquiry. Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative elements and not alternative means.

764 F.3d at 1086. There is no legal basis for this Court to conclude that jury unanimity is not required on the separate elements in California Vehicle Code section 10851(a). The decision in *Duenas-Alvarez* continues to apply in this case.

IT IS HEREBY ORDERED that the motion to correct sentence filed by Defendant Isreal Lopez-Garcia (ECF No. 29) is denied.

DATED: March 23, 2015

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge